**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      :     ID No. 1810008309

                     :

v.                         :

                     :

JAMES A. ROCHESTER,       :

                     :

     Defendant.          :

Submitted: July 14, 2021
Decided: July 27, 2021

**ORDER**

*Upon Defendant's Motion for Postconviction Relief: DENIED*

On this 27th day of July, 2021, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation dated June 29, 2021, and the record in this case, **IT APPEARS THAT**:

1. The defendant, James A. Rochester ("Rochester") pled guilty on the day of his trial, June 17, 2019, to one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A, and one count of Drug Dealing with Aggravating Factors, 16 *Del. C.* §4753. Consistent with the recommended sentences contained in Mr. Rochester's plea agreement, the Court sentenced him to a combined eight years of incarceration, followed by decreasing levels of probation.

2. Mr. Rochester appealed his conviction *pro se* to the Delaware Supreme Court. There, he argued that he was arrested for the offenses without probable cause and that his convictions must be reversed notwithstanding his guilty plea. After considering his appeal, the Supreme Court affirmed his convictions and sentences. When doing so, it recognized that "a knowing and voluntary guilty plea waives any

1

objection to alleged errors and defects occurring before the plea."[1]

3. Next, Mr. Rochester filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61. He alleges, in largest part, ineffective assistance of counsel based upon trial counsel's alleged ineffectiveness when presenting suppression issues and advising him of the consequences of his plea.

4. The Court referred his motion to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 to receive her findings of fact and recommendations. After considering Mr. Rochester's arguments and the record, the Commissioner recommended that the Court deny Mr. Rochester's motion for postconviction relief. In a thorough and well-reasoned decision, the Commissioner explained why Mr. Rochester's contentions had no merit. After the Commissioner issued her report, neither party filed written objections. The Court deemed the matter submitted for decision on July 14, 2021.

**NOW, THEREFORE,** after a *de novo* review of the record, and for the reasons stated in the Commissioner's Report and Recommendation attached hereto as Exhibit "A", the Court adopts the Commissioner's Report and Recommendation in its entirety. As a result, Mr. Rochester's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

    **IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

JJC/klc
oc:   Prothonotary
cc:   Hon. Andrea M. Freud
      Sean A. Motoyoshi, Esq.
      Suzanne E. Macpherson-Johnson, Esq.
      James A. Rochester, SCI

---

[1] *Rochester v. State*, 2020 WL 363678, at *1 (Del. Jan. 21, 2020) (Table).

# EXHIBIT

# A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1810008309 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK18-10-0376-01 PFDCF (F) |
| **JAMES A. ROCHESTER** | ) | RK18-12-0107-01 D Deal + AF (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Sean A. Motoyoshi, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

James A. Rochester, *Pro se.*

FREUD, Commissioner
June 29, 2021

The defendant, James A. Rochester ("Rochester") pled guilty on the day of his trial, June 17, 2019 to one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A and one count of Drug Dealing with Aggravating Factors, 16 *Del. C.* §4753. He was also charged with three counts of Possession of a Deadly Weapon and Drugs, six counts of Possession of Firearm Ammunition by a Person Prohibited, one count of Drug Dealing, one count of Carrying a Concealed Deadly Weapon, one count Tier 1 Possession with an Aggravating Factor and one count of Possession of Drug Paraphernalia. As part of the plea deal the State agreed to enter *nolle prosequis* on the remaining charges

1

and along with the defense recommended a sentence of eight years incarceration, five of which were minimum mandatory as a result of his prior criminal history, with immediate sentencing. Had Rochester gone to trial and been found guilty as charged he faced many more years in jail.

Rochester through his counsel filed a motion to suppress evidence on April 25, 2019. A hearing on the motion was held on June 10, 2019. Following the hearing this Court denied the motion. On the morning his trial was set to begin Rochester accepted the plea offer from the State. Prior to the plea Rochester's defense counsel, at Rochester's request, asked the court to reconsider its denial of the suppression motion and asked if he could retain his right to appeal the suppression ruling if he pled guilty. The Court denied the request to reconsider and told Rochester that the Court would not provide legal advice concerning his right to appeal. Next the Court asked if Rochester still intended to accept the plea offer and he assented and the plea colloquy proceeded during which Rochester acknowledged he was waiving his right to appeal.[1]

Rochester, *pro se,* appealed his conviction to the State Supreme Court arguing that he was arrested without probable cause and therefore his conviction must be reversed. The appeal was denied.[2] Next, Rochester filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on June 8, 2020 in which he alleges, in part, ineffective assistance of counsel.

## FACTS

As outlined by the State in its reply to the pending motion and supported by the Affidavit of Probable Cause and the transcript of the motion to suppress hearing:

---

[1] *State v. Rochester,* Del. Super., ID No. 1810008309, (June 17, 2019), tr.at 9.
[2] *Rochester v. State,* 224 A.3d 1203 (Table), 2020 WL 363678 (Del.).

On October 15, 2018 officers from the Dover Police Department and Probation and Parole were conducting unrelated surveillance at Baytree in the City of Dover. The area is known as a high crime area and known to be a place where gang members congregate. At approximately 3 p.m., The officers' attention was drawn to a silver Chevrolet Impala that failed to stop at two separate stop signs. As it passed through the area the vehicle was traveling at an unusually slow rate which officers knew to be considered "slow rolling." The vehicle came to a stop in the middle of a parking lot which blocked in the police undercover surveillance vehicle. Defendant was the operator of the vehicle and the sole occupant. The officers saw him exit the driver's seat and walk to the trunk of the vehicle where they saw him remove a dark in color handgun, rack the slide back and conceal the handgun in the waistband of his pants. Defendant returned to the driver's seat and sat in the vehicle. The car remained stationary in the middle of the parking lot for a brief period. The officers conducting surveillance called the Dover Police Street Crime Unit to the scene. As Defendant attempted to back his vehicle out of the parking lot he was stopped and detained by the Street Crime Unit. he was taken into custody. A search of Defendant yielded $1,830.00 found in his right front pants pocket. In plain view and tucked in between the driver's seat and center console of the vehicle was a Col .45 caliber handgun.[3]

## ROCHESTER'S CONTENTIONS

In his Motion for Postconviction Relief Rochester raises the following grounds for relief:

> Ground one: Trial Counsel was ineffective for "her failure to properly litigate the issue of the defendant's illegal arrest, search and seizure."

> Ground two: Trial Counsel was ineffective for her "failure to familiarize herself with the laws of the proceedings in order to provide effective counsel" concerning his detainment by the police.

---

[3] *State v Rochester*, Del. Super., ID No. 1810008309, D.I. 54, pp. 2-3.

3

Ground three: Trial Counsel was ineffective for "failing to advise defendant of the right to file interlocutory appeal of the denial of the suppression motion."

Ground four: Trial Counsel was ineffective for "inducing defendant's guilty plea."

Ground five: Trial Counsel was ineffective "at the plea colloquy for failure to explain the appeal process and appeal rights being waived prior to the entry of the guilty plea."

Ground six: Trial Counsel was ineffective for "failing to file a motion to reconsider /reargue the denial of the suppression motion as requested by defendant."

Ground seven: Trial Counsel was ineffective "at the suppression hearing for failing to object to the inconsistencies between the officer's statements and the police report affidavit."

Ground eight: Trial Counsel was ineffective for "failing to file an interlocutory appeal of the denial of the suppression motion."

Ground nine: Trial Counsel was ineffective for "misadvising defendant that he would only serve six years in prison if he took the eight year plea."

## DISCUSSION

Under Delaware law, the Court must first determine whether Rochester has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[4] Under Rule 61,

---

[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del.1991).

4

postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Rochester's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Rochester's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

None of Rochester's ineffective assistance of counsel claims were specifically raised previously at his plea, sentencing or on direct appeal. Consequently they are barred under Superior Court Criminal Rule 61(i)(3) unless he demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[7] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[8] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[9] Rochester's motion pleads neither requirement of Rule 61(d)(2).

Each of Rochester's grounds for relief are premised on allegations of ineffective assistance of counsel. Therefore Rochester has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. Rochester's ineffective assistance of counsel claims are not subject to the procedural

---

[5] Super. Ct. Crim. R. 61(i)(1).
[6] Super. Ct. Crim. R. 61(i)(3).
[7] Super. Ct. Crim. R. 61(i)(5).
[8] Super. Ct. Crim. R. 61(d)(2)(i).
[9] Super. Ct. Crim. R. 61(d)(2)(ii).

5

default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Rochester, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[10] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[11]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[12] and adopted by the Delaware Supreme Court in *Albury v. State.*[13]

In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his

---

[10] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[11] *Murray v. Carrier*, 477 U.S. 478, 488 (1986),
[12] 466 U.S. 668 (1984).
[13] 551 A.2d 53, 58 (Del. 1988).

6

acquittal[14]. The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[15] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[16] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[17] This standard is highly demanding.[18] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[19]

Following a complete review of the record in this matter, it is abundantly clear that Rochester has failed to allege any facts sufficient to substantiate his claims that his attorney was ineffective. I find Defense Counsel's affidavit, in conjunction with the record, more credible than Rochester's self-serving claims that his counsel's representation was ineffective. Rochester's counsel clearly denies the allegations.

Rochester was facing the possibility of many years in jail had he been convicted on all counts. The sentence and plea were very reasonable under all the circumstances, especially in light of the eyewitness and physical evidence against him. Prior to the entry of the plea, Rochester and his attorney discussed the case and the plea. The plea bargain was clearly advantageous to Rochester. Counsel was successful in negotiating an extremely beneficial plea bargain with the State.

---

[14] *Strickland*, 466 U.S. at 687.

[15] *Somerville v. State*, 703 A.2d 629, 631(Del. 1997) (citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)) (citations omitted).

[16] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[17] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[18] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[19] *Strickland*, 466 U.S. at 689.

7

Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Rochester entered his plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[20] Consequently, Rochester has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Rochester was somehow deficient, Rochester must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[21] In an attempt to show prejudice, Rochester simply asserts that his counsel was ineffective by failing to adequately investigate and argue the suppression issue and for not filing an interlocutory appeal concerning the denial of the motion to suppress. All of his claims are denied by Defense Counsel who outlined her efforts on behalf of Rochester and her concern that issues Rochester wished to raise in the suppression motion would have been futile. My review of the facts of the case leads me to conclude that counsel's representation of Rochester was well within the requirements of the Sixth Amendment and no prejudice has been demonstrated. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find all of Rochester's grounds for 580 A.2d 552, 556 (Del. 1990 )).relief are meritless.

I will briefly review each of Rochester's claims for the benefit of the Court. Rochester's first claim Concerns counsel's "failure to properly litigate the issue of

---

[20] *Mapp v. State*, 1994 WL 91264 at *2 (Del. Supr.) (citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[21] *Larson v. State*, 1995 WL 38971 at *2 (Del. Supr.) (citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).

the defendant's illegal arrest, search and seizure." The record is clear that Defense Counsel filed a motion to suppress based on these very issues and the Court considered counsel's arguments when making its decision denying the Motion to Suppress. Rochester, does not argue that Defense Counsel failed to address the issue of legality of detaining him for carrying a concealed weapon, but rather that she failed to argue case law from other jurisdictions he provided. Defense Counsel could not ethically argue cases provided by him as those cases do not support his argument. The cases cited by Rochester all discuss the legality of detaining a citizen for simply possession a firearm. The police not only observed Rochester in possession of a firearm but observed him concealing the firearm in his waistband. Carrying a Concealed Deadly Weapon ("CCDW") is a violation of 11 *Del C.* § 1442. In addition, the police observed Rochester pull back the slide indicating the firearm was loaded with a round in the chamber and then reentered the vehicle which remained stationary. The police clearly possessed reasonable articulable suspicion of criminal activity based on these observations and were justified in detaining the defendant pursuant to *Terry v. Ohio* [22] which is codified in Title 11 of the Delaware Code.[23] In addition, the police had both reasonable suspicion and probable cause to detain and arrest Rochester based on the recent traffic violations of Failure to Obey a Traffic Control Device in violation of 21 *Del. C.* § 4107. Those violations, twice failing to stop at a stop sign, witnessed by police provided sufficient probable cause to detain and arrest Rochester. Defense Counsel specifically argued that the police lacked reasonable suspicion to detain Rochester for possessing a handgun even if it is concealed. Defense Counsel argued that the police detained him in violation of his Fourth Amendment rights under the United States Constitution and Article I, Section IV of the Constitution of the State of Delaware. It is clear from the record

---

[22] 392 U.S. 1 (1968).
[23] 11 *Del. C.* § 1902(a).

9

that Rochester cannot satisfy the *Strickland* analysis. Further, Rochester has not demonstrated that a reasonable probability, that, but for Defense Counsel's failure to make such arguments, he would not have pleaded guilty and would have insisted on going to trial. he has failed to meet his burden and the claim must be denied.

Rochester's second claim concerns Defense Counsel' "failure to familiarize herself with the laws of the proceeding in order to provide effective assistance of counsel." as stated above the case law cited by Rochester is not supportive of his argument that the police unlawfully detained him because the cases: are relevant to merely possessing but not concealing a firearm; the case law cited by Rochester does not address the totality of the circumstances relevant to this case as previously noted; and the caselaw does not address other factors such as the two traffic violations witnessed by police, the "slow rolling" of the vehicle, racking the firearm slide back, placing the firearm in his waistband and then reentering the vehicle. Rochester has not demonstrated probability, that, but for Defense Counsel's failure, the Court would have granted his motion to suppress. Rochester has failed to meet his burden and the claim must be denied.

Rochester's third claim concern's Defense Counsel's alleged "failing to advise defendant of the right to file interlocutory appeal of the denial of the suppression motion." This is an incorrect statement of the law. Delaware Supreme Court Rule 42(a) limits the Court's jurisdiction "to hear and determine if appeals in *civil* cases from interlocutory orders ..." the Delaware Supreme Court does not have jurisdiction to hear interlocutory appeals in *criminal* cases.[24] As such, there is no right in Delaware for a defendant to file an interlocutory appeal of a lower court's ruling in a suppression hearing. Defendant cites no case law to support his claims. Defendant has not demonstrated that a reasonable probability, that, but for Defense

---

[24] *Gottleib v. State*, 697 A.2d 400 (Del. 1997); *see also Brittingham v. State*, 228 A.3d 1063 (Del. 2020) (Table); *and see* Constitution of the State of Delaware, Article IV § 11 (1)(b).

Counsel's failure, the Court would have granted his motion to suppress. Rochester has failed to meet his burden and the claim must be denied.

Rochester's fourth claim argues Defense Counsel was ineffective by "inducing defendant to plea based on faulty and erroneous legal advice." Rochester entered a guilty plea and he filled out the Guilty Plea form and Truth-in-Sentencing form. Rochester checked off the boxes on the Guilty Plea form indicating that his plea was knowing, voluntary and intelligent. He placed his signature at the bottom of both forms indicating he understood the consequences of the plea agreement. The Court reviewed the forms with Rochester and conducted a plea colloquy. Rochester's claim that Defense Counsel's advice was "faulty and erroneous" is conclusory and not supported by case law or any legal precedent. Rochester has failed to meet his burden and the claim must be denied.

Rochester's fifth claim alleges Defense Counsel was ineffective "at the plea colloquy for failure to explain the appeal process and appeal rights being waived prior to the entry of the guilty plea." Rochester knowingly and voluntarily pled guilty as noted above. He filled out the Guilty Plea form and the Truth-in-Sentencing form. Rochester checked off the boxes on the Guilty Plea form indicating that his plea was knowing, voluntary and intelligent. Rochester placed his signature at the bottom of both forms indicating he understood the consequences of the plea agreement. Rochester has failed to meet his burden and the claim must be denied.

Rochester's sixth claim alleges Defense Counsel was ineffective by "failing to file a motion to reconsider/reargue the denial of the suppression motion as requested by the defendant." Rochester provides no case law or authority to support his claim that there would be any merit to filing a motion to reconsider or reargue the Court's ruling on the suppression motion. Defense Counsel is prohibited from

11

filing frivolous motions[25]. Rochester has not demonstrated that a reasonable probability, that, but for Defense Counsel's failure, the Court would have granted his motion to suppress. Rochester has failed to meet his burden and the claim must be denied.

Rochester's seventh argument is that Defense Counsel was ineffective "at the suppression hearing for failing to object to the inconsistencies between the officer's statements and the police report affidavit." Inconsistencies in testimony is not a basis to object but rather fodder for impeachment or argument. An attorney's decision to either object or not object to testimony may be a strategic choice which does not fall below a standard of reasonable objectiveness.[26] Rochester has not demonstrated that a reasonable probability, that, but for Defense Counsel's failure, the Court would have granted his motion to suppress. Rochester has failed to meet his burden and the claim must be denied.

Rochester's eighth claim is identical to his third and sixth claims.

Rochester's ninth claim alleges Defense Counsel was ineffective by "misadvising defendant that he would only serve six years in prison if he took the eight-year plea." Rochester's Defense Counsel clearly denied this allegation in her affidavit and the plea colloquy supports her assertion.

To the extent that Rochester alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[27] At the

---

[25] *State v. McGlotten*, 2011 WL 987534 at *5 (Del. Super. Ct.) *citing State v. Pandiscio*, 1995 WL 339028 at *5 (Del. Super. Ct.). *See also State v. Lloyd*, 2019 WL 2181874 at *6 (Del. Super. Ct.).

[26] *Outten v. State*, 720 A.2d 547, 554 (Del. 1998) *citing Riley v. State*, 585 A.2d 719, 729 (Del. 1990).

[27] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

guilty-plea hearing, the Court asked Rochester whether he understood the nature of the charges, the consequences of his pleading , and whether he was voluntarily entering the plea. The Court asked Rochester if he understood he would waive his constitutional rights if he entered the plea including the right to suppress evidence and to file an appeal; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Rochester if he had discussed his plea and its consequences fully with his attorney. The Court also asked Rochester if he was satisfied with this counsel's representation. Rochester answered each of these questions affirmatively.[28] I find counsel's representations far more credible than Rochester's self-serving, vague allegations.

Furthermore, prior to entering his plea, Rochester signed a Guilty Plea Form and Plea Agreement in his own handwriting. Rochester's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Rochester is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[29] I confidently find that Rochester entered his plea knowingly and voluntarily and that Rochester's grounds for relief are completely meritless.

---

[28] *State v. Rochester*, Del. Super., I.D. No. 1810008309 (June 17, 2019) tr. at 3-11.
[29] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997).

13

## CONCLUSION

I find that Rochester's counsel represented him in a competent and effective manner as required by the standards set in *Strickland* and that Rochester has failed to demonstrate any prejudice stemming from the representation. I also find that Rochester's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Rochester's motion for postconviction relief as procedurally barred and meritless.

Commissioner Andrea M. Freud

AMF/dsc
oc:    Prothonotary
cc:    Hon. Jeffrey J Clark
        Sean A. Motoyoshi, Esq.
        Suzanne E. Macpherson-Johnson, Esq.
        James A. Rochester, SCI